# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | : | |
| as subrogee of Carnegie Tower at | : | |
| Carnegie Abbey, a Condominium, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 11-048ML |
| | : | |
| DELTA MECHANICAL | : | |
| CONTRACTORS, LLC, | : | |
| | : | |
| Defendant and Third Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BURT HILL KOSAR RITTELMAN | : | |
| ASSOCIATES and RDK ENGINEERS | : | |
| N.C., INC., | : | |
| | : | |
| Third Party Defendants. | : | |

## MEMORANDUM AND ORDER

Before the Court for determination (28 U.S.C. § 636(B)(1)(a), DRI LR Cv 72(a)) are the

following discovery motions and motions to revise the Pretrial Order (collectively, the

"Motions"):

1. Delta Mechanical Contractors, LLC's ("Delta") Motion to Compel the Various Parties to Appear at Depositions and Provide Documents (ECF No. 44);

2. Delta's Motion to Revise Litigation Deadlines (ECF No. 46);

3. RDK Engineers N.C., Inc.'s ("RDK") Opposition to Delta's Motion to Compel and to Revise Litigation Deadlines (ECF No. 48);

4. Burt Hill Kosar Rittelman Associates' ("Burt Hill") Opposition to the Motions of Delta to Revise Litigation Deadlines and to Compel Appearance at Depositions and to Provide Documents, and Burt Hill's Cross-Motion to Extend Discovery for All Parties and All Purposes (ECF No. 49); and

5.      Plaintiff Federal Insurance Company's ("Federal") Memorandum of Law in Support of its Objection to Defendant Delta's Motion to Compel and Cross-Motion to Compel (ECF No. 50).

A lengthy hearing on the Motions was held on November 14, 2012.

## Background and Analysis

This litigation arises from the failure of certain "PEX"[1] plumbing pipes that had been installed by Delta at Carnegie Tower,[2] Federal's insured.  The failed pipes resulted in a significant water damage claim, paid by Federal, for which injury it now seeks subrogation from Delta.  Delta, in turn, has blamed the architects (Burt Hill) and the engineers (RDK).

The resolution of the issues in this case will depend heavily on expert opinions and testimony, with entity depositions under Fed. R. Civ. P. 30(b)(6) providing critical foundational information for the experts.  The liability of Delta will likely depend on the fact finder's evaluation of the opinion of Federal's expert, by contrasting it with the opposing opinion of Delta's expert.  The liability of Burt Hill and RDK will depend on the fact finder's evaluation of the opinion of Delta's expert regarding their potential responsibility, by contrasting it with the opinion of their experts.  Complicating the discovery issues is the revelation approximately eight weeks before the close of fact discovery of a new leak apparently caused by a new PEX failure; damage arising from this leak is not insured by Federal so it is not a claim in this matter.

---

[1] PEX is cross-linked polyethylene, commonly abbreviated PEX.  It is formed into tubing, and is used predominantly in building services pipework systems, hydronic radiant heating systems, domestic water piping and insulation for high tension (high voltage) electrical cables.  "Cross-linked Polyethylene," Wikipedia, http://en.wikipedia.org/wiki/Cross-linked_polyethylene (last visited Nov. 16, 2012).

[2] Carnegie Tower is actually several entities; for present purposes, the term is used to refer to non-parties Carnegie Tower Condo Association and the Carnegie Tower Development Corp.  While Carnegie Tower is a non-party, its information is clearly relevant to the matter in suit.  For efficiency, Federal's counsel dealt with discovery directed at Carnegie Tower and Delta's counsel accepted the arrangement.  Thus, Carnegie Tower was effectively represented at the hearing on the Motions.

Nevertheless, information pertaining to the new leak is relevant to the issues in this case to the extent that it might shed light on the cause of the PEX failures insured by Federal.

Throughout the discovery phase of this case, the parties worked relatively diligently and cooperatively, successfully resolving most issues and avoiding contentious motion practice. Nevertheless, discovery was bogged down, especially by the difficulty of finding dates for Fed. R. Civ. P. 30(b)(6) depositions.  As a result, incomplete discovery issues began piling up. Twice, in February and May 2012, the parties returned to the Court, by agreement, for an expansion of the pretrial schedule to accommodate these concerns.

At the third close of discovery on August 31, 2012, various previously noticed depositions had not been completed due to the parties' inability to find workable dates, and other discovery issues remained open.  In light of the Local Rule, DRI LR Cv 26(c), which permits the completion of discovery initiated prior to the close of discovery by agreement, Delta, the party most affected by the difficulty in getting the depositions scheduled, continued to try to work with the other parties.  However, after the close of discovery passed, the spirit of cooperation began to wane.  Then Federal filed its expert report slightly late on September 5, 2012, and cooperation soured further.  Delta's efforts began to falter and it was unable to comply with its obligation to timely file its own expert report, due on October 1, 2012.  While Delta might be faulted for its failure to seek intervention of the Court sooner, and in any event prior to the deadline set forth in the Pretrial Order, its conduct seems more that of a litigant attempting to respect the Court's mandate that parties "meet and confer" before pulling the trigger on a discovery motion than that of a scofflaw engaging in conduct for which sanctions are appropriate.

The resulting Motions present a plethora of issues, many of which had been discussed among the parties before they were filed and were already the subject of partial agreement.

As a threshold matter, the Court finds no basis for an action that would effectively preclude Delta from developing its expert opinions, an effective death-knell sanction in this case. To the extent that no expert disclosure has been timely served by any party,[3] the Court finds excusable neglect based on the efforts of the parties to accommodate each other regarding the scheduling issues they all faced.  Nevertheless, if fault must be found, the scales tip slightly against Delta, particularly because it was Delta's inability to produce its expert report that caused the music to stop.  Neither are the other parties entirely blameless.

This Court's order is intended to narrowly open discovery for the completion of specified depositions and document production, and to reset the dates in the Pretrial Order so as to permit all parties adequate time to complete their expert analyses.  The Court cautions all parties to work to get this limited amount of discovery done, and not to permit an artificial ukase, such as mandating the presence of a specific attorney who is never available, to become an impediment.

Pertinent to this Court's determination of the due date for dispositive motions is the representation that Delta expects to file a motion for summary judgment asserting that Carnegie Tower waived any claim it might have arising from the PEX pipe installation, thereby terminating Federal's subrogation rights.  Delta believes that the information to be developed through various Fed. R. Civ. P. 30(b)(6) depositions will be needed to prepare the motion. Therefore, the date for dispositive motions is pushed back along with the other dates in the Pretrial Order.

With this background, and for the additional reasons stated on the record at the hearing, these Motions are resolved as follows:

---

[3] Federal's expert disclosure was served four days late.  No other expert disclosure has been served.  Delta's was due on October 1, 2012, while those of RDK and Burt Hill were due on October 31, 2012.

**Order on Close of Fact Discovery and Related Discovery Issues**

The Motions of Delta to reopen fact discovery and to compel discovery and the Cross-Motion of Federal to compel specified discovery are denied, except for the following specific discovery all of which must be completed by December 31, 2012:

1.      Delta may issue narrowly tailored subpoenae duces tecum seeking documents related to the new PEX leak to: (1) the insurance carrier handling the claim for the new leak; and (2) First Realty.

2.      Delta may proceed with, and complete, its previously noticed Fed. R. Civ. P. 30(b)(6) depositions of: (1) RDK; (2) Burt Hill; (3) Carnegie Tower Development Corporation; and (4) Carnegie Tower at Carnegie Abbey, a Condominium.  To the extent that a trip to Rhode Island is an issue affecting the scheduling of these depositions, the depositions shall be held at locations and times convenient to the deponents.

3.      To the extent that Delta identifies specific documents that it believes are covered by its previously served subpoena duces tecum seeking documents from Carnegie Tower that it believes have not been produced, Federal shall respond by producing the requested document, by providing a statement that the document does not exist or cannot be found, or by providing an assertion that the document is withheld based on a privilege in compliance with the requirements of Fed. R. Civ. P. 26(b)(5)(A).

4.      In the event that Delta and Federal cannot agree on a stipulation regarding the identity of the individual(s) who installed the PEX materials, Federal may proceed with its previously noticed Fed. R. Civ. P. 30(b)(6) deposition of Delta regarding this limited issue. Further, Federal is hereby granted leave to serve up to ten requests for admission to Delta regarding this limited issue.

5.      All parties producing witnesses to testify as designees under Fed. R. Civ. P. 30(b)(6) are directed to adequately prepare the designated witness.

**<u>Order on Pretrial Order</u>**

The various Motions of Delta, Federal, RDK[4] and Burt Hill to amend the Pretrial Order are partially granted and partially denied, as follows:

1.      The deadline for the close of fact discovery shall remain August 31, 2012, provided that the parties shall complete the discovery set out above.

2.      Delta's expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2) are due by January 15, 2013, with respect to claims and defenses involving Federal.

3.      Delta's expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2) are due by January 22, 2013, with respect to claims and defenses involving RDK and Burt Hill.

4.      RDK and Burt Hill's expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2) are due by February 28, 2013, if Delta produces its expert disclosures with respect to RDK and Burt Hill on or before January 15, 2013.  However, RDK and Burt Hill's expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2) are due by March 7, 2013, if Delta produces its expert disclosures with respect to RDK and Burt Hill between January 16, 2013, and January 22, 2013.

5.      Expert discovery must be completed by March 15, 2013.  Federal and Delta may commence expert depositions as soon as Delta's expert witness disclosures with respect to claims and defenses involving Federal are provided.

6.      Dispositive motions are due by March 15, 2013.

---

[4] While RDK did not file a motion, its Opposition to Delta's Motions concluded with an "ask" that RDK receive a reasonable amount of time following Delta's expert disclosure.  See RDK's Opp'n to Delta's Mot. at 2 (ECF No. 48).

      7.       Pretrial memoranda are due by March 31, 2013.

      As this is the third extension of the Pretrial Order, the Court expects all parties and their counsel to meet these deadlines; the Court will not look favorably on another request to extend.

So ordered.

ENTER:

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 19, 2012