UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, : <br> as subrogee of Carnegie Tower at : <br> Carnegie Abbey, a Condominium, : <br>  : <br> Plaintiff, : <br>  : <br> v. : <br>  : <br> DELTA MECHANICAL : <br> CONTRACTORS, LLC, : <br>  : <br> Defendant and Third-Party Plaintiff, : <br>  : <br> v. : <br>  : <br> BURT HILL KOSAR RITTELMAN : <br> ASSOCIATES and RDK ENGINEERS : <br> N.C., INC., : <br>  : <br> Third-Party Defendants. : | C.A. No. 11-048ML |

**MEMORANDUM AND ORDER**

Before the Court for determination (28 U.S.C. § 636(B)(1)(a), DRI LR Cv 72(a)) is Delta Mechanical Contractors, LLC's ("Delta") Motion to Compel Federal Insurance to Produce Witnesses In Accordance with this Court's Prior Orders. ECF No. 71. A hearing on this Motion, which challenges the adequacy of the preparation of a Rule 30(b)(6) witness who appeared after the close of discovery, was held on March 27, 2013, at which the Court entered an order granting it in part and denying it in part, effective as of that date. This Memorandum and Order elucidates the underpinnings and elements of the order.

**Background**

This litigation arises from the failure of certain cross-linked polyethylene ("PEX") plumbing pipes that had been installed by Delta at Carnegie Tower, a high-rise condominium

erected in Portsmouth, Rhode Island. Plaintiff Federal Insurance Company ("Federal") paid a claim for significant water damage caused by the pipe failure on the ninth floor; to recover its payment for the water damage, Federal sued Delta as the subrogee of non-party Carnegie Tower at Carnegie Abbey, a Condominium ("Condo Association"), alleging improper installation of the PEX pipes. ECF No. 14 ¶ 6. Delta, in turn, has blamed third-party defendants Burt Hill Kosar Rittelman Associates ("Burt Hill") (the project architect) and RDK Engineers N.C., Inc. ("RDK") (the engineer engaged by the architect), claiming that PEX was inappropriate for this plumbing installation on the ninth floor of a high-rise building. Non-party Carnegie Tower Development Corporation ("CTDC"), the project developer and owner of all but one of the condominium units at the time of the flood, is in the cross-hairs of Delta's Motion as the entity named in the Rule 30(b)(6) deposition notice that is the subject of the Motion. CTDC signed the contract with the general contractor for the construction of the Tower and, along with the Condo Association, is a named insured on the Federal policy.

The current saga began in December 2011, when Delta simultaneously served subpoenas for Rule 30(b)(6) depositions of the Condo Association and CTDC, based on the same list of twenty-four broad "matters for examination." See Fed. R. Civ. P. 30(b)(6). The list included such tenebrous topics as the "construction of the tower," Delta, RDK and Burt Hill's "work at the tower," the "water loss" and "[a]ll documents produced by you in this litigation," the latter encompassing thousands of documents stored in a construction trailer at the project site. As the corporate designee for both the Condo Association and CTDC, Federal[1] designated Edward Lopes, a former board member of the Condo Association and the project manager for CTDC, who was present daily on the construction site during the project and dealt directly with the PEX

---

[1] For efficiency, Federal's counsel handled all discovery directed to the Condo Association and to CTDC. It also represented their interests at the hearing. Delta's counsel accepted this arrangement.

2

failure and the resultant flood. Based on the topic list, the Condo Association deposition went forward on June 18, 2012, with Mr. Lopes as the designee; he testified for over six hours.

Four months after Mr. Lopes's first Rule 30(b)(6) deposition and six weeks after the close of fact discovery, on October 15, 2012, Delta moved to compel Mr. Lopes to reappear to complete the Condo Association deposition, based on his alleged lack of preparation, and to appear for his deposition as the CTDC Rule 30(b)(6) designee. Without making any inquiry regarding the adequacy of Mr. Lopes's preparation to testify as the designee of the Condo Association,[2] the Court entered an order narrowly re-opening discovery to permit (among other things) Delta to have a second crack at Mr. Lopes, to complete his testimony as the Rule 30(b)(6) designee of the Condo Association and to take his deposition as the Rule 30(b)(6) designee of CTDC. The Court warned Delta that, "I am not reopening discovery for a wave of follow-up depositions based on witnesses that [Mr. Lopes] identifies. That's it. You're done." ECF No. 56 at 6. The Court also warned Federal that, "to the extent that his testimony reflected a lack of preparation, I would expect that to be cured when he appears again to complete the deposition and to testify as a 30(b)(6) in connection with the other entity." Id. The latter directive was reflected in the Court's Memorandum and Order: "[a]ll parties producing witnesses to testify as designees under Fed. R. Civ. P. 30(b)(6) are directed to adequately prepare the designated witness." ECF No. 51 at 6. As noted, the warning about preparation was not based on any finding that Mr. Lopes had not been adequately prepared as the Condo Association's designee.

In compliance with the Order, Mr. Lopes appeared as CTDC's corporate designee on December 5, 2012, to testify based on the same broad topic list for the second time. At the outset of the deposition, he stated, "the topic list is very, very broad, so I was the day-to-day person on

---

[2] The argument presented to the Court on this first motion made fleeting reference to the adequacy of Mr. Lopes's preparation but did not include the transcript, the topic list or any of the materials necessary to analyze whether a witness's preparation actually complies with Rule 30(b)(6).

3

the ground, so I probably have knowledge of some of all of these topics, but not in -- it's a very broad sense." ECF No. 72-2 at 13. Federal's counsel confirmed that Mr. Lopes is the individual with "the greatest knowledge in response to most topics." Id. at 35. As at his first deposition, he went on to testify for over six hours resulting in a 257-page transcript.

The reopened Rule 30(b)(6) deposition of Mr. Lopes was quickly followed by the close of all fact discovery on December 31, 2012. Federal and Delta's expert disclosures were concluded in February, expert depositions are ongoing and the parties have filed or plan to file motions for summary judgment. After the two third-party motions for summary judgment were timely filed, Delta filed this Motion to Compel. Delta's own motion for summary judgment was filed shortly after; it plans to file a second one after certain expert depositions are completed.

**Delta's Motion and Mr. Lopes's Testimony**

Filed almost three months after the subject deposition ended, in this Motion, Delta has seized on the Court's admonition that CTDC's Rule 30(b)(6) designee should be adequately prepared. The Motion seeks an order alternatively compelling Federal as subrogee of CTDC to produce a "proper witness or witnesses" or dismissing Federal's case.[3] The Motion is grounded in the claim that Mr. Lopes as CTDC's designee "was completely unprepared to testify, in contravention of this Court's prior order which specifically required that witnesses be prepared to testify." ECF No. 71 at 1-2. Delta asserts that "Mr. Lopes was unable to answer most questions put to him," completely frustrating the purpose of a Rule 30(b)(6) deposition. ECF No. 72 at 9, 15. Delta contends that the answers, all well inside the penumbra of its Rule 30(b)(6) topics, which Mr. Lopes could not provide because of his lack of preparation, are

---

[3] At oral argument, Delta's counsel abandoned the request for sanctions and dismissal. Those remedies will not be further discussed.

essential to its ability to prosecute its own motions for summary judgment and to defend those filed against it.

The Court has reviewed the entire 257-page deposition transcript of Mr. Lopes's testimony as the designee of CTDC; it does not confirm Delta's characterizations. For example, Delta lists pages of questions that it contends were within the scope of the topic list, but which Mr. Lopes was completely unprepared to answer. However, despite the breadth of the topic list, some of these questions about which Delta now complains pertain to matters not included on its Rule 30(b)(6) topic list. Many of the other questions were actually answered by Mr. Lopes, though perhaps not with the specificity that Delta might desire of a fact witness. In all, of the matters that were listed on the topic list, there is very little as to which Delta can colorably claim Mr. Lopes was completely unable to provide any information.

Importantly, Delta's assertion that Mr. Lopes was "not remotely prepared" is simply not accurate. ECF No. 72 at 4. To the contrary, Mr. Lopes testified that he "read through my prior testimony [from the Condo Association deposition] . . . . I read through the documents that I had before and the condo documents." ECF No. 72-2 at 15; ECF No. 72-4 at 35. While Mr. Lopes did not speak to any former CTDC employees in preparation for the deposition, he had spoken with them about the salient events in the past, at a time when their recollections were fresh because they were still involved with the project. See, e.g., ECF No. 72-4 at 35-36. Confirming the adequacy of his preparation, apart from periodic "gotcha" questions seemingly asked to build a record to show that he was not adequately prepared, Mr. Lopes answered most of what he was asked with a sufficient level of knowledge and detail. The adequacy of Mr. Lopes's preparation is illustrated by Delta's use of his testimony repeatedly in support of its summary judgment filings – Delta's supplemental statement of undisputed facts in opposition to Burt Hill and

5

RDK's summary judgment motions has thirteen references to the CTDC deposition, and its statement of undisputed facts in support of its summary judgment motion against Delta contains six.  ECF Nos. 80, 84.  While Mr. Lopes could easily, and perhaps should, have done more to prepare, it is difficult to say what he should have focused on, given the sweeping breadth of the topics in the Rule 30(b)(6) notice.

Asked to identify specific matters (i) covered by Delta's Rule 30(b)(6) topics list, (ii) regarding which Mr. Lopes was unprepared, but (iii) which could have been provided with adequate preparation because the information is reasonably available to CTDC, Delta named two: the relationship between CTDC and the Condo Association as it pertains to Federal's right to bring a subrogation action against Delta and CTDC's involvement in the decision to install PEX piping in the Tower.  However, even as to those topics, Delta overstates the inadequacy of CTDC's Rule 30(b)(6) designee: while Mr. Lopes struggled to answer questions about the relationship between CTDC and the Condo Association, he was able to explain that CTDC's decision to install PEX was made by its architect (Burt Hill) and the architect's engineering firm (RDK), which performed the engineering work necessary to determine what material to use for the plumbing to be installed in Carnegie Tower.  See, e.g., ECF No. 72-3 at 28.

**Analysis**

Rule 30(b)(6) enables a party to gather information about an entity from a person designated by the entity to serve as its voice on specified topics.  Rainey v. Am. Forest & Paper Ass'n, Inc., 26 F. Supp. 2d 82, 94 (D.D.C. 1998) ("By commissioning the designee as the voice of the corporation, [Rule 30(b)(6)] obligates a corporate party to prepare its designee to be able to give binding answers in its behalf.") (internal quotations marks and citation omitted).  The Rule requires that the "matters for examination" must be described with "reasonable

particularity." Fed. R. Civ. P. 30(b)(6).  Circumscribed by the topics listed in the notice, the designee must testify "about information known or reasonably available to the organization" named in the notice.  Id.  In determining whether a corporate deponent has met its Rule 30(b)(6) obligation, courts examine the degree and type of effort made by the organization to prepare the witness in light of the deposition topics.  Int'l Bhd. of Teamsters, Airline Div. v. Frontier Airlines, Inc., Civil Action No. 11-cv-02007-MSK-KLM, 2013 WL 627149, at *6 (D. Colo. Feb. 19, 2013).  Broad topics of inquiry do not "give rise to an obligation to prepare a witness to answer every conceivable detailed question relating to the topic."  United States v. Guidant Corp., No. 3:03-0842, 2009 WL 3103836, at *3 (M.D. Tenn. Sept. 24, 2009).  "The fact that the designee cannot answer every question posed at the deposition does not mean that the organization failed to satisfy its obligation to prepare the witness."  Int'l Bhd. of Teamsters, Airline Div., 2013 WL 627149, at *6.

Delta's list of twenty-four topics are sufficiently broad and amorphous as to run afoul of the requirement that Rule 30(b)(6) topics must be described with reasonable particularity.  Fed. R. Civ. P. 30(b)(6).  Notably, many of the noticed topics include the directive that "[t]his topic includes, but is not limited to . . . ."  ECF No. 87-1.  This is precisely the sort of overbroad Rule 30(b)(6) notice that "subjects the noticed party to an impossible task."  Reed v. Bennett, 193 F.R.D. 689, 692 (D. Kan. 2000) ("including but not limited to" language in Rule 30(b)(6) notices are patently overbroad and impossible to comply with).

Faced by such an overly broad list of topics, the entity may seek, but is not obliged to obtain, a protective order.  Adams v. AllianceOne, Inc., No. 08-CV-248-JAH(WVG), 2011 WL 2066617, at *9 (S.D. Cal. May 25, 2011) (court finds no fault with decision not to object to overbroad 30(b)(6) topics).  Federal's decision not to move for a protective order to narrow the

scope of the list, but instead to produce a witness like Mr. Lopes, who knew a lot about many of the topics and something about virtually all of them, is certainly permissible. See id. at *9-10. In effect, by choosing to list many broad topics, Delta, as the propounder of the notice, made a strategic decision to avoid the risk that a topic would come up outside the scope of the Rule 30(b)(6) notice, while accepting the risk that it is simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything. See Costa v. Cnty. of Burlington, 254 F.R.D. 187, 191 (D.N.J. 2008).

Keeping in mind the breadth of the topic list facing Mr. Lopes, he did surprisingly well and provided Delta with much of the information it sought. If Delta had found itself in the pickle it is in now prior to the close of fact discovery, the Court might have considered ordering Federal to designate other Rule 30(b)(6) designees on the topics where Mr. Lopes was less familiar; moreover, Delta would have been free to pursue fact depositions of potentially knowledgeable individuals named by Mr. Lopes.[4] That ship has sailed. Delta's second deposition of Mr. Lopes was permitted by this Court notwithstanding that Delta had allowed discovery to close without completing it. As the Court warned at the first motion to compel, there will be no more Rule 30(b)(6) testimony.

Nevertheless, guided by the strong preference to decide cases on the merits, the Court is adopting a solution that should allow Delta to get the most essential information that it claims it needs. See Graves v. Houston, No. 96-12185-MLW, 1997 WL 627557, at *6 (D. Mass. Sept. 16, 1997). The solution is a limited one based on the Court's discretion to specify and prescribe discovery methods and order discovery on just terms. Fed. R. Civ P. 26(c)(1)(A)-(B), 26(c)(2),

---

[4] It is possible that Delta did have these options after Mr. Lopes testified as the Rule 30(b)(6) designee of the Condo Association, which occurred long before the close of fact discovery. Since the Court has not reviewed that transcript, this Memorandum and Order does not take into consideration the likelihood that these discovery opportunities may have been available to Delta then.

37(a)(5)(C).  In adopting this order permitting Delta to obtain a limited amount of additional discovery, the Court is balancing the needs of the other parties to ensure that the frequency and extent of discovery is limited when, as here, the party seeking discovery had ample opportunity but failed to pursue it in a timely way, and the discovery that is essential can be obtained in a way that is less inconvenient than the reopening of the Rule 30(b)(6) deposition.  Fed. R. Civ. P. 26(b)(2)(C).

Accordingly, the Court will allow Delta to serve up to ten narrowly-focused written deposition questions to CTDC limited to areas of inquiry that fit the following parameters:

(a) The information sought is within the scope of a topic listed for the CTDC Rule 30(b)(6) deposition;

(b) Mr. Lopes was asked the question, but was completely unable to respond; and

(c) The information sought is known or reasonably available to CTDC.

The Court also will allow Delta to take a telephonic deposition of the former CFO of CTDC, not as a Rule 30(b)(6) witness but as a fact witness, regarding his/her knowledge of the relationship between CTDC and the Condo Association with respect to this case.  Federal does not object to these accommodations.  See DRI LR Cv 26(c).

**Conclusion**

Based on the foregoing, and for the reasons stated at the hearing, Delta's Motion (ECF No. 71) is GRANTED IN PART and DENIED IN PART.  The Court orders as follows:

1. Delta may continue the Rule 30(b)(6) deposition of CTDC by promptly serving up to ten written questions to which CTDC will promptly respond pursuant to Rule 31(a)(4), subject to the following limitations:

      a. The inquiry shall be limited to information covered by the CTDC Rule 30(b)(6) topics, as to which Mr. Lopes did not know the answer, but which is known or reasonably available to CTDC.

      b. To the extent Delta determines that it needs more than ten written questions, it shall promptly confer with Federal regarding the proposed additional questions. If the parties cannot resolve the issue, Delta may move the Court for leave to serve additional written questions in a two-page motion that includes the proposed additional questions and Federal shall have one day to file a two-page objection.

2. Delta is granted leave to promptly issue a subpoena to the former CFO of CTDC to take a telephonic deposition for up to two hours. The deposition shall be scheduled at the convenience of the witness.

So ordered.

ENTER:

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 2, 2013